UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:09-CR-77-TLS |
| | ) | |
| BRIAN SCHINBECKLER | ) | |

**OPINION AND ORDER**

The Defendant, Brian Schinbeckler, pled guilty to knowingly distributing visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(2), and he is awaiting sentence. The applicable Guideline range for the Defendant's offense of conviction is 97 to 121 months of imprisonment. The Defendant requests that the Court grant him a downward variance from this range and sentence him to 60 months imprisonment, which is the statutory mandatory minimum. (Def.'s Mot. for Downward Variance, ECF No. 73.) The Government opposes the Defendant's request for a variance and argues that a sentence within the advisory guideline range is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a)(2). (Govt's Opp'n to Imposition of Sentence Outside Advisory Guideline Range, ECF No. 74.) The parties have been fully heard on this issue and desire a ruling from the Court prior to the Defendant's sentencing date.

**BACKGROUND**

On July 20, 2009, the Defendant was arrested on charges that from May 14, 2009, until May 26, 2009, he knowingly distributed material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2). A Criminal Complaint was filed with this Court on July 21, 2009 [ECF No. 1], and at a Detention Hearing on July 22, 2009, Magistrate Judge Roger Cosbey

ordered the Defendant detained pending trial. The Government filed a Superseding Indictment on August 26, 2009 [ECF No. 27], charging both distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count 1) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 2). On May 10, 2010, the Defendant and the Government entered a written Plea Agreement in which the Defendant agreed to plead guilty to Count 1 of the Superseding Indictment in return for the dismissal of Count 2 and for the Government's recommendation that he receive a reduction for acceptance of responsibility and a sentence equal to the minimum of the applicable guideline range [ECF No. 48]. On May 11, the Court conducted a change of plea hearing and accepted the Defendant's plea of guilty to Count 1 of the Superseding Indictment. The Court referred the matter to Probation and Pretrial Services for the preparation of a presentence investigation report (the PSR).

The PSR sets a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2). It applies an enhancement of 2 levels because the offense involved the depiction of a prepubescent minor who had not attained the age of 12 years, § 2G2.2(b)(2); an enhancement of 2 levels because the offense involved distribution, § 2G2.2(b)(3)(F); an enhancement of 2 levels for use of a computer, § 2G2.2(b)(6); and an enhancement of 5 levels based on the number of images possessed, § 2G2.2(b)(7)(D). The PSR recommended a 3-level reduction for acceptance of responsibility under § 3E1.1(a) and (b) because the Defendant entered a timely guilty plea. This yielded a total offense level of 30. Coupled with the Defendant's criminal history category of I, the advisory guideline range of imprisonment is reported in the PSR as 97 to 121 months.

The Defendant filed objections to the PSR with the probation officer on July 2, 2010, and September 16, 2010, arguing 1) the enhancement for a depiction of a prepubescent minor was

not supported by the evidence, 2) he was being penalized twice for distribution by the base offense of distribution of child pornography plus the enhancement for distribution, 3) he was entitled to a two-level reduction under § 2G2.2(b)(1) because he did not have the intention to distribute child pornography, and 4) the Government failed to provide an accurate count of the number of images possessed, though the Defendant conceded the number exceeded 600. The Government responded to the Defendant's PSR objections, arguing that at least one of the minors was under the age of 12 at the time of the creation of the video as verified by the National Center for Missing and Exploited Children, that the enhancement for distribution was proper under the statute, and that the reduction under § 2G2.2(b)(1) was inapplicable since the Defendant's conduct was not limited to receipt or solicitation of child pornography. On May 24, 2011, the Defendant filed a Motion for Downward Variance [ECF No. 73], setting forth his argument that, based on the nature and circumstances of the offense and his history and characteristics, a sentence of 60 months is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a), and in the alternative that the two-level enhancement for distribution under the Guidelines is unjust when the base offense is distribution of child pornography. On June 2, 2011, the Government filed its Opposition to Imposition of Sentence Outside Advisory Guideline Range [ECF No. 74], arguing that the circumstances of this case do not justify a downward variance. The Defendant responded to the Government's arguments in an Answer to Government's Opposition to Imposition of Sentence Outside Advisory Guideline Range [ECF No. 77], filed on July 28, 2011.

    On August 28, the Court conducted a telephonic conference. The Defendant was represented by attorney Robert Gevers. The Government was represented by AUSA Lesley

Miller-Lowery. The parties waived further presentation on the 18 U.S.C. § 3553(a) factors. Additionally, the Government waived its right to cross examine Dr. Ross, whose psychological evaluation of the Defendant was referenced in the Defendant's briefs. The Court set sentencing for October 12, but the Defendant requested the Court to issue an Opinion resolving the request for downward variance prior to sentencing. The Court notes that the Defendant has been locally detained since his arrest on July 21, 2009.

## ANALYSIS

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 129 S. Ct. 890, 891–92 (2009); *see also United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence); *United States v. Bush*, 523 F.3d 727, 729 (7th Cir. 2008) (same). Here, the primary issue involves the second step, the application of the criteria set forth in § 3553(a) to the facts and circumstances of the Defendant's particular case. In imposing a sentence, § 3553(a) requires a court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

4

>   (3) the kinds of sentences available;
>   (4) the advisory guideline range;
>   (5) any pertinent policy statements issued by the Sentencing Commission;
>   (6) the need to avoid unwarranted sentence disparities; and
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, a court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: just punishment, respect for the law, deterrence, protection of the public, and rehabilitation of the defendant. In making this determination, a district court may not presume that the guideline sentence is the correct one. *Nelson*, 129 S. Ct. at 892; *Rita v. United States*, 551 U.S. 338, 351 (2007). When evaluating the Guidelines recommendation, a court may consider whether the Sentencing Commission fulfilled its "characteristic institutional role" in adopting the particular guideline, *see Kimbrough v. United States*, 552 U.S. 85, 109 (2007), and the court may reject any guideline on policy grounds, *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

### A.     The Offense

On three occasions between May 14 and May 26, 2009, a child exploitation task force detective launched software that allowed him to identify computers that were actively connected to the Gnutella network. He selected an Internet Protocol (IP) address located in Fort Wayne, Indiana, and using an enhanced version of the publicly available program Limewire, downloaded

multiple files from the IP address. The files had naming conventions suggesting that they contained child pornography. Upon viewing, the images depicted what appeared to be young teenage males involved in sexual acts. A search pursuant to a subpoena revealed the Defendant as the subscriber for the IP address, which was assigned to him between May 13, 2009, and June 12, 2009. On July 20, 2009, officers executed a federal search warrant at the Defendant's residence. The Defendant initially denied any involvement with child pornography, but during the course of the search he stated that he wanted to cooperate, and told the officers where to find his laptop containing child pornography. He further stated that he has struggled with an addiction to child pornography for approximately four years, and his sexual interest is in young males between the ages of twelve to fifteen years of age.

Forensic evidence showed that the Defendant downloaded 157 videos and 8 images of child pornography. The descriptions of the materials suggest that they involve prepubescent minors or minors under the age of twelve involved in various sex acts. Under U.S.S.G. § 2G2.2, Application Note 4(B)(ii), each video counts as 75 images, thus the Defendant possessed 11,783 images for the purposes of the Guidelines.

**B.      The Defendant**

The Defendant is a 52-year-old male with no prior criminal convictions.[1] He was born in Fort Wayne, Indiana, and has lived most of his life in Fort Wayne. He married his wife in 1996, and they divorced in 1999. He and his ex-wife have one child together, a son now approximately

---

[1] In 1999, the Defendant was arrested for battery, but the case against him was ultimately dismissed. In 2002, he was arrested for child molesting, but he was found not guilty at a jury trial in the Allen County Superior Court, Fort Wayne, Indiana.

twelve years old. The Defendant's son lives with his mother, who has remarried.

The Defendant is in good physical health, and reports good emotional health, except for an addiction to pornography. He denies any problems with alcohol or substance abuse. He graduated from high school in Fort Wayne, and maintained a commercial driver's license for over eleven years. He has been employed as a truck driver with several different companies, and also has worked a variety of other jobs through the years, including two weeks in the Air Force in 1977 before being honorably discharged for medical reasons. He has not been employed since 2007, but owns his condominium free and clear, and has been living off savings for the past few years.

On December 7, 2009, Dr. Stephen Ross, PsyD, evaluated the Defendant using psychological tests. Dr. Ross opined that the Defendant has a proper understanding that his actions were wrong, and was able to articulate the wrongfulness, exhibiting "significant remorse." Dr. Ross further indicated the Defendant by his self-report has never acted on his sexual desires for young boys, desires rehabilitative counseling, and would benefit from treatment. Dr. Ross noted that the Defendant was motivated to participate in rehabilitative treatment, and such treatment could reduce his risk of recidivism. (Def.'s Mot. 7.)

The Defendant acknowledges that his offense behavior is "gravely serious." (Def.'s Mot. 5.) But he argues that his distribution was "unwitting" because it resulted from a file sharing website, and should be distinguished from more active distribution of child pornography.

**C.     The Kinds of Sentences Available and the Guidelines**

The statute requires a 5-year minimum term of imprisonment, with a maximum term of

20 years. 18 U.S.C. § 2252(b)(2). The Guideline range for the Defendant's offense is 97 to 121 months of imprisonment and supervised release of 5 years to life. The Court is aware that the Commission and many other individuals and groups scrutinizing federal sentencing have suggested a need to reassess the Guidelines with respect to child exploitation crimes and consider reforms. The argument is that the child pornography Guidelines do not deserve the same weight inherent in other guidelines because they did not result from careful study based in empirical analysis and national experience, but are the result of congressional mandates. *See, e.g., United States v. Huffstatler*, 571 F.3d 620, 622–23 (7th Cir. 2009) (collecting district court cases relying on this rationale); *see also* United States Sentencing Commission, *The History of the Child Pornography Guidelines*, Oct. 2009. The Seventh Circuit has held that "regardless of whether a district court *may* consider the empirical basis of U.S.S.G. § 2G2.2 when crafting a sentence, there is no requirement that a district court *must* do so." *United States v. Rodgers*, 610 F.3d 975, 977 (7th Cir. 2010).

According to the United States Sentencing Commission, the 2-level enhancement for possession of material involving children under the age of twelve applied in 95.6% of sentences under § 2G2.2 in fiscal year 2010. United States Sentencing Commission, *Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2010* at 37–38. The 4-level enhancement for the sadistic or masochistic nature of the material applied in 73.6% of such cases, the addition of 2 levels for the use of a computer applied 96.2% of the time, and the addition of 5 levels for more than 600 images applied in 66.9% of cases. Moreover, some enhancement for the number of images applied to 96.5% of fiscal year 2010 cases. The frequency of the application of these enhancements does not necessarily render them flawed and unworthy of this Court's

consideration, but a consequence of such frequent application of the enhancements is that even ordinary first-time offenders often qualify for guideline sentences that approach the statutory maximum based solely on sentencing enhancements that are inherent in the crime of conviction. This, in turn, can lead to less of a distinction between the sentences of first-time offenders and those who are more dangerous offenders, who, for example, distribute pornography for pecuniary gain. This undercuts the directive in § 3553(a) to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

Even though the Defendant's Guideline range does not approach the 20-year statutory maximum, four enhancements (the computer enhancement, the number of images enhancement, the enhancement for images of prepubescent minors, and the enhancement for distribution) lead to an inaccurate indication of the severity of the offense and do not serve to promote the goals of punishment in this case. As for the computer enhancement, when Congress passed the Sex Crimes Against Children Prevention Act of 1995, Pub. L. 104-71 (1995), it directed that the Guidelines be amended to include a computer enhancement of at least 2 levels. Congress also directed the Commission to submit a report to Congress concerning offenses involving child pornography. In this report, the Commission criticized the enhancement because it did not distinguish between serious commercial distributors of online pornography and run-of-the-mill users. *See* United States Sentencing Commission, *Report to Congress; Sex Offenses Against Children Findings and Recommendations Regarding Federal Penalties*, June 1996, at 25–30. Although a computer can provide an effective means to transport material quickly in interstate commerce, it is distributors, traffickers, and those desiring to entice children to engage in sexual activity who most exploit the technology and increase the market for child pornography. For this

9

Defendant, the computer enhancement does not correspond to an elevated seriousness of his offense or to any of the purposes of punishment. There is no indication that he saved the images to removable electronic media or intended to sell or distribute them to others for profit or otherwise, and empirical data does not show that using a computer as a means to possess and view pornography is a more serious or culpable offense than viewing the same images if they had been received by another medium, such as through the mail. *Cf. United States v. Hanson*, 561 F. Supp. 2d 1004, 1010–11 (E.D. Wis. 2008) (stating that this enhancement is logically flawed because on-line pornography generally comes from the same pool of images found in other formats). Accordingly, a 2-point enhancement to the Defendant's base offense level for the use of a computer yields a sentence that is greater than necessary to achieve § 3553(a)'s purposes.

Likewise, the enhancement for the number of images does not further the purposes of punishment in this Defendant's case, and empirical data is lacking as to this enhancement. A large number of images can be quickly amassed over a short period of time as a result of file swapping over the Internet, and the Defendant's computer contained 157 videos and 8 still images of child pornography. Although the Guidelines provide for a 5-level enhancement for more than 600 images, a 4-level enhancement for 300 to 600 images, a 3-level enhancement for 150 to 300 images, or a 2-level enhancement for 10 to 150 images, these distinctions are not linked to any empirical data pertaining to sentencing and the purposes of punishment, and in this case they do not provide an accurate indication of culpability. Under the Guidelines, each video corresponds to 75 images for purposes of applying the enhancement—implying that the Defendant possessed more than 11,000 images. This Guidelines calculation greatly increases the

magnitude of the Defendant's offense without a showing of corresponding culpability. Accordingly, a 5-point enhancement to the Defendant's base offense level for the number of images yields a sentence that is greater than necessary to achieve § 3553(a)'s purposes.

Under the facts of this case, the Court also finds the enhancement for possession of an image of a prepubescent minor or minor who had not reached the age of twelve does not further the purposes of punishment. As other courts have noted, images of very young children are sadly "typical of this crime," and do not indicate increased culpability. *Hanson*, 561 F. Supp. 2d at 1009; *United States v. Burns*, No. 07 CR 556, 2009 WL 3617448, at *13 (N.D. Ill. Oct. 27, 2009). There is no evidence that the Defendant specifically sought out prepubescent minors. Indeed, the evidence before the Court, by the Defendant's own admission, is that he is attracted to boys between the ages of twelve and fifteen, not boys younger than twelve, or prepubescent boys. The Government points to only one video out of 157 which contains a minor under the age of twelve—but that video is of a girl, not a boy, and the facts of the case do not show that the Defendant sought out such an image. The Defense's expert analyzed the videos and found one in which the boy appeared to be prepubescent, but the expert was unable to determine the age of the minor. For all these reasons, the Court finds that applying this enhancement would not appropriately measure the Defendant's culpability under the facts of this case.

Finally, the Court finds the enhancement for distribution would not further the purposes of punishment in this case. The Defendant has objected to the enhancement for distribution because he has pled guilty to the base offense of distribution of child pornography, and argues that applying a 2-level enhancement for distribution would then be "inappropriate and unjust." (Def.'s Mot. 8.) The Government argues this is a straightforward application of the Guideline

11

enhancement. The Court agrees with the Government that this is apparently what the Guideline contemplates, but agrees with the Defendant that this enhancement is inappropriate under the facts of this case.[2] *See United States v. Brasfield*, No. 11-CR-96, 2011 WL 3844181, at *4 (E.D. Wis. Aug. 29, 2011) ("While this may not technically be double counting . . . it does not make a great deal of sense either."). The Defendant's distribution in this case was passive; though he pled guilty to knowingly distributing, the facts before the Court do not indicate that he took active steps to distribute through Limewire, or even understood that distribution was the Limewire default. In Dr. Ross's report, he indicates that the Defendant did not understand the rationale for the charge of distribution. No facts allege that the Defendant distributed for any kind of pecuniary gain, nor that he distributed to a minor, and thus the Government would apply the lowest distribution enhancement possible. But even such an enhancement does not accurately measure the Defendant's culpability under the facts before the Court, as nothing about the distribution in this case renders the Defendant "an atypical or particularly culpable defendant." *Burns*, 2009 WL 3617448, at *13; *see also Brasfield*, 2011 WL 3844181, at *4 (describing

---

[2]The Defendant argues that given the definitions of distribution in U.S.S.G. § 2G2.2, Application Note 1, his conduct is not distribution. Specifically, he argues that he does not meet the definition of distribution because he did not have an intent to distribute. He then notes that he undisputedly did not distribute for pecuniary gain, distribute for other than pecuniary gain, or distribute to a minor. The Defendant's argument fails because of the plain definition of distribution. Contrary to the Defendant's assertion, his conduct falls under the definition whether he had an intent to distribute or not. Application Note 1 defines distribution as "any act . . . related to the transfer of material involving the sexual exploitation of a minor." The definition lists "possession with intent to distribute" as one example of an act that would meet the definition. But no part of the Guidelines definition of distribution requires the Defendant to have had the intent to distribute.

Furthermore, the Defendant argues for a 2-level reduction under U.S.S.G. § 2G2.2(b)(1) because he "did not intend to traffic in, or distribute, such material." Again, the Defendant's argument fails under a plain reading of the Guidelines. Section 2G2.2(b)(1) requires not only the lack of intent to distribute, but also that "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor." Here, as the Government argues, the Defendant's conduct was not limited to receipt or solicitation, but was distribution, the crime to which the Defendant has already pled guilty. Thus, the Defendant does not qualify for a 2-level reduction under § 2G2.2(b)(1).

distribution by file sharing as "a typical method by which such images are obtained"). Accordingly, the Court finds that applying the 2-level enhancement for distribution to the facts of this case would result in a sentence that is greater than necessary to satisfy the purposes of punishment.

For these reasons, the Court will not give deference to the increase in the advisory Guideline sentence that is brought about by these specific offense characteristic.

**D.     Sentence**

The possession of child pornography is a form of sexual exploitation of the most vulnerable members of our society. This is a serious offense, deserving a serious sentence. However, from its careful review of the record as a whole, the Court has become convinced that a sentence of 97 months is greater than is necessary to meet the purposes of punishment for this Defendant in the circumstances of this case.

The Government advances several arguments against the Defendant's requested variance. First, the Government argues the Defendant's passive distribution of child pornography should not mitigate the offense because it makes it no less serious than active distribution. The Government argues further that the Defendant's longstanding ties to his local community make his crime more serious because they undermine the public's perception of safety, that the large number of images possessed by the Defendant militate for a serious sentence, that a Guidelines sentence would be a just punishment, and that a Guidelines sentence is necessary to protect the public from the Defendant in the future. Finally, the Government argues, "the more correctional treatment, the better." (Gov't Opp'n 4.)

13

The Court has already addressed the Defendant's passive distribution as compared to more active distribution for profit or for other motives. Under the facts before the Court, the Court does not find the Defendant's distribution to be particularly aggravating, especially in the absence of evidence that it was purposeful. Also, as noted above, nothing about the Defendant's distribution distinguishes it from the typical distribution case.

As to the argument that the Defendant's longstanding ties to the local community should be counted against him, the Court disagrees. As the Defendant argues, his proven ability to properly function within his community and to contribute to his community at least suggests he has the ability to reintegrate in his community, and the Court will consider them with respect to his history and personal characteristics under §3553(a).

On the question of what punishment is necessary to promote respect for the law, to provide just punishment, and to protect the public from future crimes of the Defendant, the Court also finds the Government's reasoning unpersuasive. The Court finds that a sentence outside the Guidelines, but above the statutory minimum, will in every way promote respect for the law and be just retribution for the Defendant's crime. As to the protection of the public from the Defendant in the future, the Government does not address the report by Dr. Ross. The evidence before the Court is that the Defendant understands and is able to articulate the wrongfulness of his conduct, desires treatment, and has rehabilitative potential if given treatment. The Government does not rebut this evidence. The Court finds that a sentence below the Guidelines range will adequately protect the public from future crimes of the Defendant.

The Government provides no support for its argument that only a Guidelines sentence will provide the Defendant with the treatment he needs ("the more correctional treatment, the

better"). No evidence before the Court suggests that a sentence of 97 months is required to allow the Defendant to complete the educational, vocational, or other correctional treatment he needs.

Finally, the Court finds the Government's argument about the need for the sentence to reflect the seriousness of the offense given the number of images to be persuasive, but upon balance of the § 3553(a) factors, not controlling in this case. The Defendant possessed a large amount of illicit material—157 videos and 8 images. Given the calculation of 75 images per video, the Defendant possessed 11,783 images of child pornography.[3] Although the Court does not find empirical support for the graduated number of images enhancements under the Guidelines, the Court understands that there is an appreciable difference between someone in possession of eleven images and someone in possession of eleven thousand, and the Court is aware of the need to avoid unwarranted sentence disparities for similarly-situated defendants under § 3553(a)(6). *See United States v. Borho*, 485 F.3d 904, 910 (6th Cir. 2007) (discussing the need to at least consider the number of images in order to prevent sentence disparities). However, the Court also finds the speed and ease with which large numbers of images can be downloaded to be mitigating. *United States v. Diaz*, 720 F. Supp. 2d 1039, 1042 (E.D. Wis. 2010) ("offenders readily obtain the necessary number of images with minimal effort"); *Burns*, 2009 WL 3617448, at *7 ("the number and type of images received is frequently accidental"). Nevertheless, though no evidence before the Court *directly* connects the number of images possessed by the Defendant to his level of culpability, the Court finds his level of culpability to

---

[3]The Court notes the Defendant's argument that some of the images when viewed by the Defense in the presence of the United States Attorney were "black" or "blank" on the screen, thus the Government's count overestimates the number of images the Defendant actually possessed. (Def.'s Answ. to Govt's Opp'n 6, ECF No. 77.) The Government has not rebutted this Defense assertion. Accordingly, the Court will assume the total number of images is less than 11,783.

be higher than in other cases. In *United States v. Zapata*, this Court sentenced a defendant to 60 months—the statutory minimum—based on possession of approximately 4000 images. *See United States v. Zapata,* No. 1:10-cr-40-TLS, ECF No. 44 at 2 (N.D. Ind. Sept. 23, 2011). The defendant in *Zapata* possessed fewer images than Schinbeckler, and the facts also suggested that the defendant in *Zapata* was involved with child pornography for a time period significantly less than a year. *Id.* at 1–2. By contrast, the Defendant possessed more than twice as many images, and the facts indicate he gathered them over the course of an addiction that spanned several years. While the number of images itself is not necessarily controlling, the Court finds that the Defendant's longstanding addiction to and consumption of child pornography aggravates his conduct, and supports a sentence above the statutory minimum. *See Hanson*, 561 F. Supp.2d at 1012 (giving a sentence of 72 months in light of "the number and type of images, and to insure just punishment," and opining that "[t]he minimum should be reserved for the most mitigated of cases."). Accordingly, the Court finds a sentence within the Guidelines is more than necessary to meet the ends of justice, but in light of the seriousness of this offense, the Court will adjudge a sentence greater than the statutory minimum.

The Court finds that the Defendant has acknowledged the seriousness of his conduct and admitted it by pleading guilty to his offense. He has accepted responsibility and cooperated in all phases of the case. Furthermore, Dr. Ross's evaluation indicates the Defendant has come to understand the wrongfulness of his conduct, desires treatment, has never acted on his deviant desires, and is motivated to rehabilitate. Dr. Ross noted that the Defendant exhibited "significant remorse" when the harm to children was brought to his attention. The Government does not challenge the result of the Defendant's evaluation, nor has it pointed to any contrary findings or

characteristics of the Defendant that would support any claim that he has a sexual disorder, has a malicious disregard for the well-being of children, or is not capable of refraining from committing these offenses again. Undisputedly, the Defendant is in need of treatment. But the evidence before the Court is that he has a desire for rehabilitation, and would benefit from treatment.

The Court also finds that a sentence of 97 months is more than is necessary to deter other offenders with similar history and characteristics. Finally, this Court's review of similar cases across the country and in this Circuit suggests that a sentence outside the Guidelines would not create unwarranted sentencing disparities among defendants. *Brasfield*, 2011 WL 3844181, at *4 n.5 ("statistics show that judges sentenced within the child pornography guideline in barely 40% of cases in fiscal year 2010").

In sum, the Court finds, upon consideration of the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Defendant, and to provide the defendant with the needed correctional treatment, the kinds of sentences available, the absence of empirical data to support certain Guidelines related to child pornography, and the need to avoid unwarranted sentence disparity, that a sentence below the advisory Guideline range is sufficient but not greater than necessary to satisfy the purposes of sentencing.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the Defendant's Motion for Variance [ECF No. 73]. The Court finds that a sentence of 66 months is sufficient to meet the purposes of punishment in this case and is consistent with the statute. The Court confirms the telephonic status conference set for October 5, 2011, at 3:00 PM, and the sentence hearing set for October 12, 2011, at 2:00 PM.

SO ORDERED on September 29, 2011.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT